UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-01996-JLS-JC                                                Date: July 17, 2024
Title:  Dorian Kingi, et al. v. SAG-AFTRA

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Charles A. Rojas | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO DISMISS (Doc. 30)**

Before the Court is a Motion to Dismiss filed by Defendant SAG-AFTRA.  (Mot., Doc. 30.)  Plaintiffs opposed and SAG-AFTRA responded.  (Opp., Doc. 34; Reply, Doc. 38.)  The Court took the matter under submission and, for the following reasons, GRANTS the Motion.

**I.      BACKGROUND**

This action was originally initiated as forty separate actions in Los Angeles County Superior Court, and SAG-AFTRA removed the actions to federal court on March 13, 2024.  (*See* Notice of Removal ("NOR"), Doc. 1.)  All forty cases arise from alleged harm caused by vaccine mandates implemented in accordance with SAG-AFTRA's Return-to Work Agreement during the COVID-19 pandemic. (*See* Dorian Kingi Compl. ¶¶ 1, 72, 81, & 96, Doc. 1-1.)  On April 28, 2024, the Court consolidated the cases, finding that they feature common questions of law and fact.  (*See* Consolidation Order, Doc. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-01996-JLS-JC             Date: July 17, 2024
Title: Dorian Kingi, et al. v. SAG-AFTRA

    Plaintiffs then filed an Amended Consolidated Complaint ("ACC"). (ACC, Doc. 29.) The ACC brings eight claims on behalf of the forty named Plaintiffs[1]: breach of the duty of fair representation under the National Labor Relations Act ("NLRA"); breach of contract; breach of the covenant of good faith and fair dealing; breach of fiduciary duties; negligence; tortious interference with business advantage; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED"). (*See generally id.*)

    Plaintiffs allege that they are opposed to getting the COVID-19 vaccine for several personal, religious, and health reasons. (*See, e.g., id.* ¶¶ 45, 48, 77.) Plaintiffs further allege that, following SAG-AFTRA's implementation of the Return-to-Work Agreement, which permitted studios and producers to impose vaccine requirements at production sites, Plaintiffs faced difficulty getting work and were discriminated against because of their non-vaccinated status. (*See, e.g., id.* ¶¶ 81, 87.) Exemptions were allegedly difficult to get and routinely denied. (*See, e.g., id.* ¶¶ 54, 57.) Many Plaintiffs describe lost work opportunities as early as 2021 when the Return-to-Work Agreement was first implemented. (*See id.* ¶¶ 36, 48, 54, 57, 75, 81, 87, 90, 111, 123, 138, 141, 144, 151.) Several Plaintiffs recorded complaints with SAG-AFTRA regarding the alleged discrimination they were experiencing because of the Return-to-Work Agreement. (*See id.* ¶¶ 36, 39, 48, 54, 57, 66, 75, 77, 84, 93, 120, 123, 126, 138.) Nevertheless, SAG-AFTRA retained the Agreement until it expired on May 11, 2023. (*Id.* ¶ 18.)

    Because of the allegedly discriminatory nature of the Return-to-Work Agreement, Plaintiffs contend that the negotiation and implementation of that Agreement violated several of SAG-AFTRA's contractual and legal duties, including duties contained in the SAG-AFTRA Constitution, the Collective Bargaining Agreement ("CBA"), and the

---

[1] Not all claims are brought on behalf of every Plaintiff; for example, six Plaintiffs do not bring a negligence claim. But for the purposes of deciding this Motion, the analysis is not affected by which Plaintiffs brought which claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-01996-JLS-JCDate: July 17, 2024
Title: Dorian Kingi, et al. v. SAG-AFTRA

SAG-AFTRA Membership Agreement. (*Id.* ¶¶ 12, 13, 16–17.) SAG-AFTRA has now moved to dismiss, arguing that all of Plaintiffs' state-law claims are preempted by § 301 of the Labor Managements Relations Act ("LMRA") and that the only cognizable claim—the duty-of-fair-representation claim—is untimely.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (cleaned up). But if "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," the complaint may be dismissed. *Id.* at 1207.

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-01996-JLS-JC                                                    Date: July 17, 2024
Title:  Dorian Kingi, et al. v. SAG-AFTRA

amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (cleaned up).

### III.    ANALYSIS

To decide this Motion, the Court first addresses whether the LMRA preempts Plaintiffs' state-law claims; second, the Court evaluates the sufficiency of the duty-of-fair-representation claim.

####    A.    Preemption of State-Law Claims

#####         1.    Legal Standard

Section 301 of the LMRA has complete preemptive force over any state law claim in certain circumstances.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393–94 (1987); *see also Associated Builders & Contractors, Inc. v. Loc. 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997) (explaining that § 301 "preempts any state cause of action based on a collective bargaining agreement or whose outcome depends on analysis of the terms of the agreement" and "has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements").  "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a mandate to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (cleaned up).  "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Id.* (cleaned up).  Thus, once preempted under LMRA § 301, any claim purportedly based on state law is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-01996-JLS-JC                    Date: July 17, 2024
Title: Dorian Kingi, et al. v. SAG-AFTRA

Courts in the Ninth Circuit use a two-step analysis to determine whether claims are preempted under § 301. First, the court evaluates the "legal character of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself," for example, whether "the CBA is the only source of the right the plaintiff seeks to vindicate." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc) (cleaned up). The question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Burnside*, 491 F.3d at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* "[C]laims are not simply CBA disputes by another name, and so are not preempted under this first step, if they just refer to a CBA-defined right; rely in part on a CBA's terms of employment; run parallel to a CBA violation; or invite use of the CBA as a defense." *Alaska Airlines*, 898 F.3d at 921 (cleaned up). At the same time, claims "style[d] as state law claims" can still be preempted by the LMRA. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). "Artful pleading cannot sidestep Section 301 preemption." *Loaiza v. Kinkisharyo Int'l, LLC*, 2020 WL 5913282, at *4 (C.D. Cal. Oct. 6, 2020).

Second, if the court determines that the claim is not grounded in a CBA, it "must still consider whether [the claim] is nevertheless substantially dependent on analysis of a [CBA]." *Burnside*, 491 F.3d at 1059 (cleaned up). A state law right is "substantially dependent on the terms of a CBA" if it requires a court to interpret, rather than merely "look to," the CBA to resolve the plaintiff's claim. *Id.* at 1060 (cleaned up). In this context, "interpretation" is "construed narrowly" and "a state claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Curtis*, 913 F.3d at 1153. "Claims are [] preempted [only] to the extent there is an active dispute over the meaning of contract terms." *Id.* (cleaned up).

To the extent Plaintiffs' state-law claims are preempted, either because they seek to vindicate a right or duty created by the CBA or because they are dependent on an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-01996-JLS-JC                      Date: July 17, 2024
Title: Dorian Kingi, et al. v. SAG-AFTRA

analysis of the CBA, the LMRA "precludes adjudication" of those claims and the claims must be dismissed. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036 (9th Cir. 2016).

### 2. Analysis

Here, it is evident from the face of the ACC that all of Plaintiffs' state-law claims are substantially dependent on analysis of the CBA. "To the extent that [a plaintiff's] claims are based on the Union's failure to represent her, section 301 preempts her claims." *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1089 (9th Cir. 1991). And indeed, the bulk of the state-law claims pleaded in the ACC are expressly based on SAG-AFTRA's failure to represent Plaintiffs.

- Plaintiffs' claim for breach of contract alleges that SAG-AFTRA "failed to adequately represent each union member." (ACC ¶ 164.)
- Plaintiffs' claim for breach of fiduciary duties alleges that SAG-AFTRA "had a duty … to represent members fairly and equally." (*Id.* ¶ 167.)
- Plaintiffs' claim for negligence alleges that SAG-AFTRA breached its "duty to fairly and adequately represent Plaintiff[s'] interests as a labor union." (*Id.* ¶¶ 178–79.)
- Plaintiffs' claim for IIED alleges that SAG-AFTRA caused "emotional distress by intentionally failing to adequately represent Plaintiff[s'] interest[s] in collective bargaining." (*Id.* ¶ 188.)
- Finally, Plaintiffs' claim for NIED alleges that SAG-AFTRA "acted negligently in failing to adequately represent Plaintiff[s'] interests." (*Id.* ¶ 193.)

As these excerpts make clear, these state-law claims rely on SAG-AFTRA's representational duties and determining whether SAG-AFTRA complied with those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-01996-JLS-JC | Date: July 17, 2024 |
| Title: Dorian Kingi, et al. v. SAG-AFTRA | |

duties requires interpretation of the CBA. *See Perugini*, 935 F.2d at 1089; *see also Adkins v. Mireles*, 526 F.3d 531, 540–42 (9th Cir. 2008) (finding that breach-of-contract claims, negligence claims, and IIED claims were preempted to the extent that those claims "implicated the statutory duty of fair representation" or were "inextricably linked to [the defendants'] performance of duties owed in their capacity as union representatives," particularly where plaintiffs "made no showing of additional duties beyond the normal incidents of the union-employee relationship"). Therefore, all the claims cited above—breach of contract, breach of fiduciary duty, negligence, IIED, and NIED—are preempted.

That leaves the claims for breach of the covenant of good faith and fair dealing and tortious interference with a business advantage. As pleaded, these claims do not explicitly invoke SAG-AFTRA's duty of fair representation. Nevertheless, the Court concludes that those claims are also inextricably linked with that duty. As to the claim for breach of the covenant of good faith and fair dealing, such claims are often "preempted to the same extent the breach of contract claim is." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999). The same is true here. The claim for breach of the covenant of good faith and fair dealing derives from the exact same contracts that support the alleged breach of contract. (*See* ACC ¶ 174.) And Plaintiffs identify no breaches of SAG-AFTRA's good faith obligations that are separate and apart from the failure to "protect" Plaintiffs' interests in negotiations as Plaintiffs' union representatives. (*Id.* ¶¶ 1, 30, 170–75.) Therefore, the claim for breach of the covenant of good faith and fair dealing is preempted as well.

Finally, as to the claim for tortious interference with a business advantage, it is necessary to examine the elements of that claim to demonstrate why it is preempted:

> The elements … are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the

Case 2:24-cv-01996-JLS-JC   Document 41   Filed 07/17/24   Page 8 of 12   Page ID #:530

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-01996-JLS-JC                                  Date: July 17, 2024
Title:  Dorian Kingi, et al. v. SAG-AFTRA

plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [or negligent] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Crown Imports, LLC v. Superior Court*, 223 Cal. App. 4th 1395, 1404 (2014) (cleaned up).  Furthermore, "the alleged interference must have been wrongful by some measure beyond the fact of the interference itself." *Id.*  "For an act to be sufficiently independently wrongful, it must be 'unlawful, that is, … it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.'" *Id.* (alteration in original) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003)).

Here, Plaintiffs must be able to identify a legal standard against which SAG-AFTRA's conduct was independently wrongful.  As with Plaintiffs' other state-law claims, there is no wrongful conduct that has been identified other than SAG-AFTRA's breach of its representational duties.  (*See* ACC ¶¶ 181–86.)  The tortious interference claim is, therefore, inextricably linked to SAG-AFTRA's performance of duties owed in its capacity as union representatives and is preempted.

Plaintiffs argue that their state-law claims do not "rely upon the interpretation of the CBA."  (Opp. at 18.)  For the reasons just explained, this is not true; all of Plaintiffs' state-law claims depend upon whether SAG-AFTRA breached its representational duties, which requires interpretation of what those duties are under the CBA.  Plaintiffs further argue that, because they cite to other documents, like the SAG-AFTRA Constitution, the SAG-AFTRA Membership Agreement, and the Return-to-Work Agreement, the alleged breaches of duties contained within those documents can be analyzed without reference to the CBA at all.  (*Id.*)  But this argument derives from a misunderstanding of § 301 preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-01996-JLS-JC             Date: July 17, 2024
Title: Dorian Kingi, et al. v. SAG-AFTRA

Section 301 applies to "[s]uits for violation of *contracts* between an employer and a labor organization." 29 U.S.C. § 185(a) (emphasis added). Questions of preemption refer most frequently to CBAs because those are now the prototypical contract between employers and unions, but any other labor contract can serve as the basis for preemption. As SAG-AFTRA argues, all these other documents—the Constitution, Membership Agreement, and Return-to-Work Agreement—amount to labor contracts. (*See* Reply at 15.) The Supreme Court has already explained that union constitutions amount to labor contracts. *Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 99 (1991). The Return-to-Work Agreement is also plainly a contract between SAG-AFTRA, a labor organization, and employers. (*See* ACC ¶ 23.) And finally, even though the Membership Agreement is a contract between a union and union member rather than a union and an employer, the relevant terms cited in the ACC do nothing but bind SAG-AFTRA and its members to the Constitution and the CBA. (*See id.* ¶ 12.) The enforceable rights all derive from labor contracts and so there is nothing in the Membership Agreement for Plaintiffs to enforce other than their rights under labor contracts.

For these reasons, the state-law claims are preempted by federal law and must be DISMISSED. And because these claims are clearly based on SAG-AFTRA's representational duties, amendment would be futile. The dismissal is WITH PREJUDICE.

### B. Timeliness of the Duty-of-Fair-Representation Claim

Because all of Plaintiffs' state-law claims are preempted by the LMRA, the only viable cause of action available is Plaintiffs' federal claim. Plaintiffs bring a duty-of-fair-representation claim under the implied rights of the NLRA; all parties agree that such a claim must be brought within six months of when the claim accrues. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (applying the statute of limitations of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:24-cv-01996-JLS-JC | Date: July 17, 2024 |
| Title:  Dorian Kingi, et al. v. SAG-AFTRA | |

six months, as provided in § 10(b) of the NLRA, to claims brought by union members against unions for duty-of-fair-representation claims).

Here, there is a dispute about when Plaintiffs' claims accrued and whether the Court should equitably toll the limitations period.  First, SAG-AFTRA argues that, because the allegations of the ACC focus on the negotiation of the Return-to-Work Agreement and whether the terms of that Agreement were negotiated in the best interest of all union members, the claim should accrue when negotiations were completed, which was July 19, 2021.  (Mot. at 14 (citing *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1181–82 (9th Cir. 2010)).)  Plaintiffs respond that, even though the alleged breach of duty arose here in "a non-grievance context," the Court should rely on *Galindo v. Stoody Co.*, 793 F.2d 1502 (9th Cir. 1986), and toll the claim throughout the period of the Return-to-Work Agreement's implementation because Plaintiffs could have been resolving their claims through grievance procedures.  (Opp. at 9–10.)  Indeed, some Plaintiffs appear to have attempted nonjudicial resolution of their disputes with SAG-AFTRA.  (*See* ACC ¶¶ 36, 39, 48, 54, 57, 66, 75, 77, 84, 93, 120, 123, 126, 138.)

While the Court is not convinced that the reasoning of *Galindo* applies here, assuming without deciding that the duty of fair representation claims did not accrue until May 2023 when the Return-to-Work Agreement expired, Plaintiffs claims are nonetheless untimely.  The six-month statute of limitations would have expired in November 2023, and Plaintiffs' claims were not filed until between December 2023 and February 2024.  (Mot. at 10.)

To overcome this untimeliness, Plaintiffs argue that the limitations period should be equitably tolled because of the SAG-AFTRA strike that took place between July 14, 2023, and November 9, 2023, arguing that "[t]here would be no reasonable way to determine whether the [inability to work] was ultimately from being blacklisted for refusing the COVID-19 vaccine or non-compliance with the [Return-to-Work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-01996-JLS-JC | Date: July 17, 2024 |
| Title: Dorian Kingi, et al. v. SAG-AFTRA | |

Agreement] or whether lack of employment was due to the strike." (Opp. at 10.) There are two problems with this argument. First, it is belied by Plaintiffs' own allegations; several Plaintiffs describe their trouble getting work beginning in 2019 and 2021, meaning they were aware for years of an alleged slowdown in work opportunities that had nothing to do with the strike. (*See* ACC ¶¶ 36, 48, 54, 57, 75, 81, 87, 90, 111, 123, 138, 141, 144, 151.)

Second, it is unsupported by case law. Equitable tolling applies if "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim." *Supermail Cargo*, 68 F.3d at 1207 (cleaned up). "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). Plaintiffs do not explain how the strike prevented their awareness of the existence of a claim. At most, Plaintiffs appear to complain of an inability to ascertain their damages—how much of their lost work was attributable to their unvaccinated status versus how much was attributable to the strike. That is not the same as an inability to ascertain whether SAG-AFTRA's alleged wrongdoing gave rise to possible claims.

Therefore, the claim is barred by the statute of limitations. Because the allegations in the ACC clearly establish that Plaintiffs were aware of the circumstances giving rise to their duty-of-fair-representation claim against SAG-AFTRA prior to the lapse of the Return-to-Work Agreement in May 2023, subsequent events, including the SAG-AFTRA strike, cannot serve as the basis for equitably tolling the claim. Rather, the duty-of-fair-representation claim accrued when the Return-to-Work Agreement expired and must be DISMISSED WITH PREJUDICE as untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:24-cv-01996-JLS-JC | Date: July 17, 2024 |
| Title:  Dorian Kingi, et al. v. SAG-AFTRA | |

### IV.     CONCLUSION

For the above reasons, the Court GRANTS the Motion.  The ACC is DISMISSED WITH PREJUDICE.  Within five days of this Order, SAG-AFTRA shall file a proposed judgment.

Initials of Deputy Clerk: cr